[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11972

_____

Agency No. A098-545-671

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2011
JOHN LEY
CLERK

THOMAS EDISON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 30, 2011)

Before DUBINA, Chief Judge, CARNES, Circuit Judge, and SANDS,* District Judge.

PER CURIAM:

_____

*Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

This case comes before us on petition for review of the Board of Immigration Appeals' decision affirming an immigration judge's denial of the petitioner's application for withholding of removal. (The petitioner does not challenge the denial of his applications for asylum or for relief under Article III of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.)

Because the parties are well aware of the facts, we will not belabor them, except to say that there was no adverse credibility finding, and according to the petitioner he suffered over the years from a long string of attacks, physical beatings, and the destruction of his house by arson. The physical attacks included one in which he was cut with a knife and another in which he was kicked in the head and beaten so severely that his leg was broken and he had to be hospitalized.

The BIA's decision that the level and extent of violence and injuries that the petitioner suffered did not rise to the level of past persecution is inconsistent with our decision in Mejia v. United States Attorney General, 498 F.3d 1253 (11th Cir. 2007). For that reason, we must vacate the BIA's decision and remand for further proceedings that take as a given that the petitioner suffered persecution at the time alleged in his application. Because past persecution on account of a statutorily protected ground has been established, Edison "is presumed to have a

well-founded fear of future persecution." Id. at 1257. To rebut that presumption, "the burden shifts to the government to show both that (1) relocation is possible within [Indonesia], and (2) it is reasonable to expect [Edison] to relocate." Delgado v. United States Att'y Gen., 487 F.3d 855, 861 n.4 (11th Cir. 2007). Because the BIA determined that Edison had not shown past persecution, it did not address the presumption of future persecution, and we remand for it to make a determination on that issue.

The order of the Board of Immigration Appeals affirming the Immigration Judge's denial of the petition for withholding of removal is VACATED and the case is REMANDED for further proceedings consistent with this opinion.